**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-30473
Summary Calendar

_____

WENDY WHITE,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA, et al,

Defendants,

STERLEN STEVENS; TRANSIT MANAGEMENT
OF SOUTHEAST LOUISIANA, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3169-F)

_____

April 9, 1999

Before JOLLY, SMITH, AND WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Wendy White appeals the district court's denial of her motion to amend her complaint, effectively dismissing her suit. Concluding that White's attempted amendment of her complaint did not "relate back" to the filing of her original complaint under Federal Rule of Civil Procedure 15(c) and thus escape the effects of Louisiana's one-year prescriptive period for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tort claims, we affirm.

## I.

### Facts and Proceeding

On October 8, 1997, White filed suit under Title VII of the Civil Rights Act of 1964 against Defendant-Appellees Sterlen Stevens, the State of Louisiana, and Regional Transit Authority ("RTA"), a political subdivision of Louisiana, alleging that, on October 14, 1996, Stevens touched her in an offensive, sexual manner. White served the defendants with process on December 3, 1997. Soon thereafter, White amended her complaint to add Steven's employer, Transit Management of Southeast Louisiana, Inc. ("Transit Management"), as a defendant.

Stevens, the RTA, and Transit Management moved to dismiss White's complaint for lack of subject matter jurisdiction, arguing that none of the defendants was White's employer and that White had failed to exhaust her administrative remedies. The district court granted the motion on both grounds. In January 1998, prior to the court's grant of the defendants' motion to dismiss, but over a year after the alleged conduct of which White complains allegedly took place, White moved for leave to amend her complaint for a second time. Specifically, White sought to drop her Title VII claims and allege instead that Stevens had committed an intentional tort in the course and scope of his employment of which Transit Management knew or should have known. The magistrate judge recommended that the motion be granted, and the defendants timely objected. The district court, on review, determined that White's claim had

prescribed as a matter of law and, therefore, denied the motion.

White moved for a rehearing, claiming that, under Rule 15(c), her amended complaint should "relate back" to the date of her original pleading and thus not run afoul Louisiana's prescriptive period. The district court denied the motion, which it treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e), holding that the amended complaint could not relate back to an original pleading that had already been dismissed for lack of subject matter jurisdiction. White timely filed an appeal from the district court's order denying her motion to amend her complaint. White did not appeal the district court's order granting the defendant's motion to dismiss for lack of subject matter jurisdiction.

## II.

## Analysis

A.   Standard of Review

We review a district court's denial of a motion to amend for abuse of discretion.[2] In exercising its discretion, a district court may consider a variety of factors, including the futility of the amendment.[3]

B.   Merits

White's argument falls short for precisely the reasons set forth by the district court. Louisiana law establishes a one-year

---

[2]Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991).

[3]Id.

prescriptive period for intentional tort claims.[4]  To interrupt prescription, a plaintiff must either file suit in a court of competent jurisdiction and venue or, "[i]f action is commenced in an incompetent court, . . . prescription is interrupted only as to a defendant served by process within the prescriptive period."[5]

White did not file suit in a competent court.[6]  Neither did she serve the defendants within the one year prescriptive period. Therefore, unless White's attempted amendment of her complaint relates back to the time of her original filing, her claim is prescribed under Louisiana law.[7]  As the district court held, however, White's amended complaint could only relate back to an original pleading that had already been dismissed for lack of subject matter jurisdiction.  In Reynolds v. United States,[8] we confronted this exact issue.  There, the plaintiff filed suit against the United States under the Federal Tort Claims Act ("FTCA") prior to receiving written notice of final denial of her claim by the appropriate federal agency — a jurisdictional

---

[4]La. Civ. Code. Ann. art. 3492.

[5]Id.

[6]See Washington v. Breaux, 782 F.2d 553, 554-55 (5th Cir. 1986) (holding that, under Louisiana law, filing suit in court without jurisdiction does not interrupt prescriptive period).

[7]The federal relation back rule set forth in Rule 15(c) violates neither the Rules Enabling Act nor the Constitution and, therefore, applies in federal court in diversity cases controlled by state law.  Johansen v. E.I. Dupont de Nemours & Co., 810 F.2d 1377, 1379 (5th Cir. 1987).

[8]748 F.2d 291 (5th Cir. 1984).

requirement of the FTCA.[9]  With leave of the court, the plaintiff filed an amended complaint, which the district court dismissed because the relevant limitations period had run.[10]  In rejecting the plaintiff's argument that, under Rule 15(c), the amended complaint should have related back to the date she properly served the defendants, we stated "[f]iling on a date which the court lacked jurisdiction, [the plaintiff's amended complaint] related back to a date on which the court also lacked jurisdiction."[11]  Here, as in Reynolds, White's amended complaint could only relate back to a date on which the court lacked jurisdiction.  White's proposed amendment was thus futile, and the district court's dismissal of White's amended complaint was not an abuse of discretion. AFFIRMED.

---

[9]Id. at 292.

[10]Id.

[11]Id. at 293.